IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT DUNPHY, :
    Petitioner :
: CIVIL NO. 1:13-CV-0366
  v. :
: (Judge Caldwell)
FEDERAL BUREAU OF PRISONS, :
    Respondent :
:

*M E M O R A N D U M*

I. *Introduction*

    Robert Dunphy, an inmate at the federal correctional institution in Minersville, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2241 challenging the sentence calculation made by the Bureau of Prisons (BOP) on his three federal convictions. Petitioner claims that he is entitled to credit on his federal sentence from September 4, 2009, through January 6, 2010. September 4, 2009, is the date the Commonwealth of Pennsylvania issued an order granting Petitioner parole from the state sentence he was then serving, and January 6, 2010, is the day before federal authorities took Petitioner into custody to begin serving his federal sentence.

    Petitioner argues he is entitled to the credit because, in his view, he was paroled from his state sentence on September 4, 2009, and remained in state detention only because federal authorities did not take him into custody until January 7, 2010. Respondent counters that state records show Petitioner was not paroled from his state

sentence until January 7, 2010, and that the Bureau of Prisons (the BOP) correctly did not credit him with the time period at issue in its sentencing calculation.

II. *Background*

Respondent's submissions establish the following. Petitioner was serving a state sentence of two and one-half years to five years. (Doc. 12-1, ECF p. 4). On January 28, 2008, while in the custody of Pennsylvania authorities, federal authorities took him into custody pursuant to a writ of habeas corpus ad prosequendum to appear in the United States District Court for the Eastern District of Pennsylvania. (*Id.*). On February 6, 2009, the Eastern District sentenced Petitioner to a 108-month term of imprisonment for: (1) conspiracy to burglarize pharmacies; (2) pharmacy burglary and aiding and abetting; and (3) possession with intent to distribute controlled substances and aiding and abetting. (*Id.*, ECF pp. 5, 13). The terms were to be served concurrently to each other and consecutively to Petitioner's undischarged term of imprisonment on his state sentence. (*Id.*, ECF p. 14). On February 24, 2009, federal officials returned Petitioner to Pennsylvania to continue serving his state sentence. (Id., ECF p. 5).

On September 4, 2009, the Pennsylvania Board of Probation and Parole issued an order, on a Form PBPP-10, granting Petitioner parole. (Doc. 12-1, Form PBPP-10, entitled "Order to Release on Parole/Reparole"). The order stated that Petitioner would be "released on the date indicated below." There is a space on the form for the "Authorized Date of Release," but it was left empty. (*Id.*). In the spot for the "Actual Date of Release," the date "1/7/10" was handwritten in. The form also indicates it

was "signed this 4th day of September, 2009, at Harrisburg, PA." (*Id.*). The order further reads: "You are paroled to federal detainer, approved home to be available." Another state form, the Pennsylvania Department of Corrections' "Inmate Query - Sentence" form, indicates Petitioner's status as paroled and that his "sentence stop date" was January 7, 2010. (Doc. 12-1, ECF p. 8).[1]

On January 7, 2010, federal authorities took Petitioner into custody to begin serving his 108-month federal sentence. (*Id.*, ECF p. 5). The BOP calculated Petitioner's sentence as commencing on that date. (*Id.*, ECF pp. 5-6).

III. *Applicable Law*

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. *United States v. Dowling*, 488 F. App'x 592, 593 (3d Cir. 2012)(nonprecedential). The two major factors in a federal sentencing calculation are: (1) when the federal sentence begins; and (2) the time to be credited for custody prior to commencement of the sentence. *Chambers v. Holland,* 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd,* 100 F.3d 946 (3d Cir. 1996).

---

[1] Petitioner also executed a Form PBPP-11, acknowledging the conditions of his parole. The date he signed this form was left blank. (Doc. 12-1, ECF pps. 23-25).

18 U.S.C. § 3585(a) provides that the sentence begins to run when the defendant is taken into custody to begin his federal sentence. *See* 18 U.S.C. § 3585(a)("A sentence to a term of [federal] imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum, *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002), because the state remains the primary custodian in those circumstances.

18 U.S.C. § 3585(b) deals with credit for prior custody. It authorizes such credit against a federal sentence only for time "that has not been credited against another sentence." In other words, generally, no credit may be given toward a federal sentence for time that has previously been credited toward any other sentence. *See Rios v. Wiley,* 201 F.3d 257, 272-273 (3d Cir. 2000). *See also Wilson*, 503 U.S. at 333, 112 S.Ct. at 1354 (in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").[2]

Finally, 18 U.S.C. § 3584(a) deals with multiple terms of imprisonment and the imposition of concurrent or consecutive terms. In relevant part, section 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is already subject

---

[2] There is an exception to this general rule against double credit, the so-called *Willis* credit, *Zwick v. Holt*, No. 11-CV-629, 2011 WL 6151459, at *4 (M.D. Pa. Dec. 12, 2011)(Caldwell, J.), but that exception does not apply here.

-4-

to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." The BOP considers "an undischarged term of imprisonment" to include state, local and foreign sentences. BOP Program Statement 5880.28, p 1-31.

IV. *Discussion*

The issue we must resolve is whether the time between September 4, 2009, and January 6, 2010, must be credited on Petitioner's federal sentence. Respondents argue that the BOP correctly excluded this time because under 18 U.S.C. § 3585(a) Petitioner's federal sentence did not commence until January 7, 2010, the day he was taken into federal custody. Additionally, in light of 18 U.S.C. § 3585(b) the BOP could not credit Petitioner with this time because it was credited toward another sentence, Petitioner's state sentence, Petitioner having been released on parole from state custody on January 7, 2010.

We must agree with Respondents. Petitioner says he is entitled to credit because this was time spent in federal custody. He bases this on his Form PBPP-10, dated September 4, 2009, granting him parole to a federal detainer. We believe Petitioner has misinterpreted this form. It was certainly dated September 4, 2009, but that by itself does not mean that was the date of his parole. The form also stated that Petitioner would be "released on the date indicated below," and there was a space on the form for the "Authorized Date of Release." This was left empty on Petitioner's form, but in the spot for the "Actual Date of Release," the date "1/7/10" was handwritten in. This clearly indicates the date the form was issued was not intended to be the parole date.

Moreover, the Pennsylvania Department of Corrections' "Inmate Query - Sentence" form indicates Petitioner's state sentence ended on January 7, 2010.

We can therefore see no basis for crediting Petitioner's federal sentence with the time at issue, and we will deny the petition.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

August 27, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT DUNPHY,
    Petitioner

v.

FEDERAL BUREAU OF PRISONS,
    Respondent

CIVIL NO. 1:13-CV-0366

(Judge Caldwell)

*O R D E R*

AND NOW, this 27th day of August, 2013, it is ordered that:

  1. The petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

  2. The Clerk of Court shall close this file.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge